Warren *v.* Clemence.

———— • ◆ • ————

EDWARD E. WARREN AND ANOTHER *vs.* JASON H. CLEMENCE AND FANNY CLEMENCE, HIS WIFE.

An action of assumpsit was brought against a husband and wife, and judgment rendered against the husband and in favor of the wife. Held that, under a proper construction of the acts of 1848, 1873 and 1875, (Gen. Statutes, pp. 417, 444, and Session Laws of 1875, p. 31,) the wife was not entitled to costs.

ASSUMPSIT, brought to the Court of Common Pleas of Hartford County, and reserved for the advice of this court. The case is fully stated in the opinion.

*S. P. Newell*, for the plaintiffs.

*G. A. Gowdy*, for the defendant Fanny Clemence.

PARDEE, J.  The plaintiffs brought an action of assumpsit against the defendants returnable to the Court of Common Pleas for Hartford County, at the January term, 1876.  It came by continuances to the September term, 1876, when it was tried to the court upon the general issue with notice of the coverture of the defendant Fanny.  The court found that Jason H. Clemence was indebted to the plaintiffs and rendered judgment accordingly, and found that they had no cause of action against the wife, and reserves for our advice the question as to whether she is entitled to have costs taxed in her favor.

The statute, section 12, chapter 13, title 19, to be found on page 444 of the revision of 1875, first enacted in 1848, is in the following words: "In all actions against two or more defendants, if the plaintiff shall fail to sustain a good cause of action against any defendant, he shall not for that reason be prevented from recovering ,judgment against the other defendant or defendants; and the defendant or defendants against whom no recovery is obtained shall be entitled to costs."  This provision is of general application, saving a plaintiff who has mistakenly joined two or more persons as defendants from a non-suit, and subjecting him to costs for his error.

The statute, section 12, chapter 5, title 19, on page 417 of the revision of 1875, is in the following words: "In any civil action by or against a married woman her husband may be joined with her, as a co-plaintiff or co-defendant as the case may be; and when so joined, if a cause of action is found to exist in favor of or against one of them only, a judgment or decree shall be rendered accordingly; and in such cases no costs shall be taxed for such husband or wife in favor of whom no cause of action is found, nor against such husband or wife against whom no cause of action is found."  This last section when first enacted (Session Laws of 1873, page 159,) was in the following words: "The husband and wife may be joined in all actions at law or in equity as parties plaintiff or defendant, and if upon trial a cause of action is found in

favor of either of the plaintiffs or against either of the defend-
ants, a judgment or decree shall be rendered accordingly, and
in such cases no costs shall be taxed for such husband or wife
in favor of whom no cause of action is found, or against such
husband or wife against whom no cause of action is found;"
and it stood as the second section of an act entitled "An Act
in addition to an Act concerning the Domestic Relations," the
first section of which advanced the law concerning married
women and made them liable on their own contracts, and
permitted suits to be instituted against them alone or jointly
with their husbands, and permitted the wife to sue alone or
jointly with her husband for all debts.which should accrue to
her.   The second section saves a suit from failure where the
husband and wife are improperly joined either as plaintiffs or
defendants, but forbids costs to either of them for an error in
joining them in the latter capacity.   Doubtless the meaning
of the expression, " and in such cases no costs shall be taxed
for such husband or wife in favor of whom no cause of action
is found," is that they may be joined as defendants, and if a
cause of action is found against one only, the plaintiff shall
have judgment against that one; but the other, in whose favor
it is found that the plaintiff had no cause of action against
him or her, shall have no costs.   It is not to be supposed that
the legislature deemed it necessary to provide here that a
plaintiff, husband or wife, who could not establish any claim
against a defendant, should not recover costs from him.

Previous legislation had worked a partial dissolution of the
legal unity of husband and wife, and a partial change in the
common law as to the cases in which the husband should sue
or be sued alone, and as to those in which the wife might or
might not be joined.   In exceptional matters she had been
authorized to do acts, and had been made subject to obliga-
tions, as if she were sole, so that it had become exceedingly
difficult to determine in advance whether in enforcing a par-
ticular claim they should join, and equally difficult to deter-
mine whether they could properly be made co-defendants.
The legislature therefore provided a measure of relief by saying
that a mistake in either case should not be followed by a bill
of costs.   It is a clear manifestation of legislative intent to

except this joinder of husband and wife from the operation of the general law of 1848, which in terms had saved a plaintiff from a nonsuit for misjoinder of defendants, preserving for any defendant against whom the plaintiff failed to prove a claim, his costs. It is an instance of a special provision for a class of litigants, which the legislature had the power to make; it is an exception to the general rule; each statute has an independent field for operation. Recognizing this, the legislature when establishing the revision of 1875 allowed both the general and the excepting statutes to stand.

In 1875 another act was passed which is to be found in the Session Laws of 1875, page 31, and is in the following words: "That section 12, chapter 13, title 19, of the Revised Statutes be amended, by striking out the present section and substituting the following: 'In all suits where a cause of action shall be sustained in favor of or against only a part of the parties thereto, judgment may be rendered in favor of or against such parties only, but any defendant against whom no recovery shall be obtained shall be entitled to costs; and additional parties may be made plaintiffs by amendment and additional defendants may be cited to appear therein, upon such notice and such payment of costs by the plaintiffs as the court before which such action is pending may prescribe;'" thus saving a plaintiff who has mistakenly joined two or more defendants, and two or more plaintiffs mistakenly joining, from a nonsuit, at the price of a bill of costs, and making provision for a simple method for citing in additional parties. When this act was passed the act of 1848 and the act of 1873 both stood on the statute book and both were within reach of the act of 1875. The legislature perceived this, and still recognizing the propriety of the special provision touching husband and wife in 1873, carefully protected that act from any change by a particular limitation of the effect of the act of 1875 to the act of 1848, describing the latter by section, chapter and title. This is equivalent to a declaration that the act of 1873 shall stand.

We think that the wife is not entitled to costs.

In this opinion the other judges concurred.