HENRY PLUMB vs. WILLIAM W. STONE AND WIFE.

In a civil action before a justice of the peace against a husband and wife,
the justice rendered judgment against the husband and in favor of the wife.
The plaintiff appealed and in the appellate court judgment was rendered for
the wife. Held that she was entitled to her cost, under Gen. Statutes, tit.,
19, ch. 14, sec. 12

ASSUMPSIT against a husband and wife, brought before a
justice of the peace. The justice rendered judgment against
the husband and in favor of the wife, and the plaintiff ap-
pealed to the Court of Common Pleas, where the case was
tried to the jury and a verdict rendered against the husband
and in favor of the wife. The court (*Harrison, J.,*) ren-
dered judgment in favor of the wife for costs, and the plain-
tiff brought the record before this court by a motion in
error.

*L. L. Phelps* and *C. H. Fowler*, for the plaintiff in error,
relied upon *Warren* v. *Clemence*, 44 Conn., 308.

*W. C. Robinson*, for the defendant in error.

GRANGER, J. The only question made in this case is,
whether the defendant Sarah C. Stone is entitled to cost,
judgment having been rendered in her favor.

The action is assumpsit, and was brought originally
before a justice of the peace against William W. Stone and
his wife Sarah C. Stone. The justice rendered judgment
against the husband and in favor of the wife. The plain-
tiff appealed from this judgment to the Court of Common
Pleas, where it was tried before a jury, and a verdict ren-
dered against the husband and in favor of the wife.

The plaintiff claims that the wife is not entitled to cost,
and relies in support of this position upon the case of
*Warren* v. *Clemence*, 44 Conn., 308. That decision was ren-
dered upon a construction of the statute (Gen. Statutes,
417, sec. 12.) which provides that "in any civil action by or

against a married woman, her husband may be joined with her as a co-plaintiff or co-defendant as the case may be, and when so joined, if a cause of action is found to exist in favor of or against one of them only, a judgment or decree shall be rendered accordingly; and in such cases no cost shall be taxed for such husband or wife in favor of whom no cause of action is found." This statute seems in its very terms to require that no cost shall be taxed in favor of a wife where a judgment is rendered in her favor and against her husband where they are made joint defendants, and we so held in the case referred to.

There is however another statute (Gen. Statutes, p. 446, sec. 12,) which provides that "when on an appeal in any civil action from the judgment of a justice of the peace a more favorable judgment shall not be obtained by the appellant in the appellate court, he shall recover no cost on such appeal, and the court may at its discretion allow double costs to the appellee."

These two statutes may have been passed without any reference to each other and may to a certain extent cover the same ground and so far be inconsistent. As neither has any preference over the other, we see no way but to give the latter statute effect in the case of appeals from justices of the peace, to which it expressly applies and is limited, and to give the former statute effect as to all other cases. Both are special statutes and each is to stand upon its own ground and receive its own construction. We are not to look for any special reasons for the distinction which the legislature has made between the two cases to which the statutes respectively apply. It is enough for us that the legislature has in each case in language easily understood expressed its will.

There is however a justice in awarding the wife her costs in this case, inasmuch as the appeal taken by the plaintiff from the judgment of the justice in her favor was for the sole purpose of establishing her personal liability. Judgment had been rendered by the justice against the husband, and there was no object in carrying the case further so far

as he was concerned. To all effect he was dropped out of the litigation, and the appeal was practically a pursuit of the case against the wife alone. When at last, after a jury trial in the appellate court, she obtained a verdict, it would seem to be a serious injustice to refuse her her costs.

We are of opinion that the wife should be allowed her costs in this case.

In this opinion the other judges concurred.